**In the Matter of Roberta L. ROSS, Respondent.**

**No. 49S00–0904–DI–193.**

Supreme Court of Indiana.

Feb. 12, 2013.

*PUBLISHED ORDER FINDING MIS-CONDUCT AND IMPOSING DIS-CIPLINE*

Upon review of the report of the hearing officer, the Honorable Steven R. Nation, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** On June 28, 1994, an explosion occurred at a Central Soya plant in Indianapolis, Indiana, damaging houses in the neighborhood and injuring some of the residents. Dissatisfied with the treatment by Central Soya's insurer, the people in the community formed Neighbors United Against Industrial Dangers ("NUAID") to address issues relating to the explosion, including retaining counsel. Around ten of the victims had already settled with Central Soya and signed releases ("releasing plaintiffs") but most victims had not ("non-releasing plaintiffs"). NUAID as a whole decided that the releasing plaintiffs were to be included as part of the represented group because both groups believed that the releasing plaintiffs should receive additional compensation.

Sixty-four victims hired Respondent to represent them in a lawsuit against Central Soya and agreed to pay her a one-third contingent fee. On June 25, 1996, Respondent filed a complaint against Central Soya on behalf of her clients. During depositions in 1999, Respondent first discovered that some of her clients had already settled with Central Soya and signed releases. Respondent then informed all of the clients of the risk of no recovery for the releasing plaintiffs. The group as a whole insisted that Respondent continue to represent both the releasing and non-releasing plaintiffs.

Respondent's clients initiated and approved a proposal that Respondent be given full authority to settle all of the plaintiffs' claims. After a mediation session on May 3, 2003, Respondent signed a "Confidential Settlement Agreement and Release" with Central Soya on behalf of all the plaintiffs. Central Soya paid the settlement amount into a trust account under the control of Respondent, who was responsible for dividing and distributing the funds.

Respondent believed the confidentiality provision of the agreement prohibited her from discussing the terms of the settlement, including the total settlement amount, with the clients. Without consulting the clients, Respondent created a formula for determining how to distribute the funds. The formula contained several factors, including whether a plaintiff signed a release before the suit, which reduced the amount of the distribution. Respondent distributed the proceeds according to this formula and explained to each client how the individual settlement sum was determined.

The hearing officer found the following facts in mitigation: (1) Respondent has a long history of pro bono activities, including representation of her Central Soya clients in other legal matters; (2) Respondent's clients expressed deep gratitude to Respondent for the settlement she obtained for them; (3) Respondent has an outstanding record for honesty, integrity

and truthfulness; (4) Respondent cooperated completely with the Commission; (5) Respondent has no prior history of misconduct; (6) Respondent had no dishonest motive; and (7) Respondent is genuinely remorseful for her misconduct.

**Violations:** The Commission charged Respondent with violating these Indiana Professional Conduct Rules (2003) prohibiting the following misconduct:

1.2(a): Failure to abide by a client's decisions concerning the objectives of representation, to consult with the client as to the means by which they are to be pursued, or to abide by a client's decision whether to accept an offer of settlement of a matter.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

1.7(b): Representing a client when the representation would be materially limited by the attorney's responsibilities to another client.[1]

1.8(g): Participating in making an aggregate settlement regarding two or more clients unless each client consents after adequate consultation and disclosure.

The parties stipulated Respondent violated Respondent Rule 1.2(a) by obtaining from each client unlimited authority to settle all claims against Central Soya, and that she violated Rule 1.8(g) by entering into an aggregate settlement of her clients' claims without obtaining the informed consent of each client. Respondent does not challenge the hearing officer's conclusion that she also violated Rule 1.4(b). The

Court agrees and concludes that Respondent violated these rules.

The hearing officer found no violation of Rule 1.7(b) (2003). The Commission urges this Court to find that Respondent violated this rule by representing both the releasing and non-releasing plaintiffs. We note that Respondent's clients insisted that she continue represent both the releasing and non-releasing plaintiffs even after Respondent explained the risk of no recovery for the releasing plaintiffs. In the unique circumstances of this unusual case, the Court accepts the hearing officer's conclusion that Respondent did not violate this rule.

**Discipline:** The hearing officer recommended that Respondent receive a public reprimand. The Commission argues that she should be suspended and required to undergo the reinstatement process before resuming practice. The Court does not condone Respondent's ethical breaches, which could have been avoided if she had understood her professional responsibilities to her clients. However, noting the substantial mitigating facts, including Respondent's remorse and her otherwise unblemished career, the Court concludes that suspension is not warranted in this case. Thus, for Respondent's professional misconduct, the Court imposes **a public reprimand.**

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson

1. Rule 1.7 was amended and rearranged effective January 1, 2005. This provision is currently found in Rule 1.7(a)(2).

Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.